department, entered May 7, 1926; unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was for fraud, the complaint alleging that by reason of false representations made by defendant as to the financial standing of another corporation, plaintiff's assignor was induced to enter into a contract with said corporation to drill certain oil wells and to enter upon the performance of said contract, and that by reason of the falsity of such representations and the subsequently discovered inability on the part of the corporation to carry out its obligations under the contract plaintiff suffered damage in a large amount.

*Herman Aaron* for appellant.

*Frank C. Laughlin, William A. Moore, Lyman A. Spalding* and *John H. Jackson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

GUISEPPE FALCO et al., Appellants, *v.* ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Respondent.

*Insurance (liability) — refusal by company to defend action or pay judgment recovered — arrest and confinement of policyholder on body execution for failure to pay judgment — action against company to recover damages — provision in policy that action may be maintained only to recover money paid in satisfaction of judgment.*

*Falco* v. *Zurich General Accident & Liability Ins. Co.,* 216 App. Div. 721, affirmed.

(Submitted March 30, 1927; decided May 3, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 16, 1926, affirming a judgment in favor of defendant entered upon a dismissal of the complaint on the opening by the court at a Trial Term. The action was to recover upon a policy of liability insurance. The complaint alleged that defendant issued its policy

insuring against liability for accident in and about certain premises; that plaintiffs purchased the premises and the policy was transferred to them; that a third party was injured by a fall on the sidewalk and that defendant was notified to defend but refused to do so; that a judgment was recovered against plaintiff which he could not pay and he was arrested and confined under a body execution. The policy contained the following clause: " No action for the indemnity against loss provided for in Agreement 1 of this policy shall lie against the Company, except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after trial of the issue."

*Benjamin C. Ribman* for appellants.

*Edward P. Lyon* and *Harold S. Lyon* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

RALPH BASH et al., Respondents, *v.* HUGH J. SHEERAN, as Receiver of NEW YORK RAILWAYS COMPANY, Appellant.

*Landlord and tenant — lease — action by tenants to recover sum deposited as security for performance of covenants of lease — defense of breach of covenant to make alterations and repairs.*

*Bash* v. *Sheeran*, 216 App. Div. 800, affirmed.

(Argued March 30, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 26, 1926, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The action was to recover a sum deposited as security under a written lease to plaintiffs by defendant's predecessor of real property. The defense was that plaintiffs had failed to make certain alterations